IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 1:19-cv-3331 |
| | ) | |
| BROOKDALE SENIOR LIVING COMMUNITIES, INC.; BROOKDALE PLACE AT FALL CREEK, LLC., | ) ) ) | C O M P L A I N T |
| Defendants. | ) | JURY TRIAL DEMAND |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Tina Puckett, now known as Tina Rabiu ("Ms. Puckett"), who was adversely affected by such practices.

As alleged with greater particularity in paragraph 13 below, the Equal Employment Opportunity Commission ("the Commission") alleges that Brookdale Senior Living Communities, Inc. and Brookdale Place at Fall Creek, LLC. ("Defendant Employers") refused to hire Ms. Puckett, a qualified individual, due to her disability and failed to provide a reasonable accommodation that would allow her to complete a drug screen, in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Employer Brookdale Senior Living Communities Inc. has continuously been a Delaware Corporation, doing business in the State of Indiana and the City of Indianapolis and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer Brookdale Place at Fall Creek has been a Delaware Limited Liability Corporation doing business in the State of Indiana and the City of Indianapolis and has continuously had at least 15 employees.

6.      At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7), which incorporate by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.      At all relevant times, Defendant Employers have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8.      On June 11, 2015, more than thirty days prior to the institution of this lawsuit,

Ms. Puckett filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employers.

9.      On October 25, 2018, the Commission issued to Defendant Employers a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employers to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     The Commission engaged in communication with Defendant Employers to provide them with the opportunity to remedy the discriminatory practices described in the Letter of Determination. However, the Commission was unable to secure from Defendant Employers a conciliation agreement acceptable to the Commission.

11.     On December 6, 2018, the Commission issued to Defendant Employers a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     In or about June 2015, Defendant Employers engaged in unlawful employment practices at their Fall Creek (Indianapolis) facility in violation of Sections 102(a), 102(b)(1), 102(b)(2), and 102(b)(5)(A) and (B) of Title I of the ADA, 42 U.S.C. § 12112.

a.      Ms. Puckett is a qualified individual with a disability. She was born with a physical impairment that substantially affects the normal operation of her bladder and the ability to urinate.

b.      On or about May 29, 2015, Defendant Employers made an offer of employment to Ms. Puckett for a full-time position as a server at Defendant Employers' Brookdale at Fall Creek location, conditioned upon her passing a physical and drug screen.

c.      On or about June 8, 2015, Defendant Employers contacted Ms. Puckett to

3

arrange the physical and drug screen with its contracted medical provider. On that same date, Ms. Puckett went to the medical provider for the mandatory physical and drug screen.

       d.     Upon arrival at the medical provider, Ms. Puckett explained to an employee of the medical provider that she was born with a defective bladder, that she had undergone bladder surgery, that her bladder had been reconstructed with an Indiana Pouch and that as result, she would only be able to urinate via a stoma in her abdomen, which must be catheterized using a quick catheter.

       e.     The employee indicated that it would be necessary for them to contact Defendant Employers' local Business Office Manager, Jo Truby.

       f.     Ms. Puckett was told to wait in the reception/lobby area. While waiting and in the hearing range of approximately 25-30 people, Ms. Puckett was questioned as to the specifics of her medical condition and the need for the catheter use.

       g.     After almost 2 hours at the medical facility, Ms. Puckett was sent home. Ms. Puckett's urine was not taken on that day and no alternative options for the drug screen were discussed.

       h.     At the time of the testing, despite the availability of accommodations, Defendant Employers failed to provide a reasonable accommodation to allow Ms. Puckett to complete the drug screen.

       i.     Ms. Puckett's drug test was marked as a "fail".

       j.     Ms. Puckett was told that Defendant Employers' policy was not to accept urine samples from catheters.

       k.     Right after, Ms. Puckett's job offer was withdrawn.

    14.     The effect of the practices complained of in paragraph 13 above has been to deprive Ms. Puckett of equal employment opportunities and otherwise adversely affect her status

as an employee and/or applicant for employment because of her disability.

15.     The unlawful employment practices complained of in paragraph 13 above were intentional.

16.     The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Ms. Puckett.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employers, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to hire qualified individuals with a disability.

B.     Grant a permanent injunction enjoining Defendant Employers, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to provide a reasonable accommodation to the known disability of an applicant.

C.     Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities , and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant Employers to make whole Ms. Puckett, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to rightful place hiring of Ms. Puckett or in the alternative, front pay in amounts to be determined at trial.

E.     Order Defendant Employers to make whole Ms. Puckett by providing

compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 13, in amounts to be determined at trial.

F.      Order Defendant Employers to make whole Ms. Puckett by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 13 above, including emotional pain, distress, suffering, inconvenience, anxiety, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.      Order Defendant Employers to pay Ms. Puckett punitive damages for their malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James L. Lee
Acting General Counsel

Gwendolyn Young Reams
Associate General Counsel

 EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Washington, D.C.

*s/Kenneth L. Bird*
KENNETH L. BIRD,
Regional Attorney, #10780-02

*s/Nancy Dean Edmonds*

6

NANCY DEAN EDMONDS,
Supervisory Trial Attorney

*s/Alessandra M. Rosa*
ALESSANDRA M. ROSA
Trial Attorney, IN Bar No. 35133-29


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN  46204
alessandra.rosa@eeoc.gov
Tel. (463) 999-1181